UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
"IN ADMIRALTY"

Case No.: _____

IN THE MATTER OF THE:

Complaint and Petition of:

SWEETWATER LIFESTYLES, LLC, as owner
and/or owner *pro hac vice* of the vessel,
a 2018 Regal 29 OBX named *Miss Madison*,
including her engines, gear, tackle, appurtenances,
equipment, furniture, etc., for Exoneration from
and/or Limitation of Liability,

_____Petitioner._____/

## COMPLAINT AND PETITION FOR EXONERATION FROM OR LIMITATION OF LIABILITY

Petitioner, SWEETWATER LIFESTYLES, LLC, as owner and/or owner *pro hac vice* of the vessel, a 2018 Regal 29 OBX named *Miss Madison*, bearing HIN RGMW117D818, including her engines, gear, tackle, appurtenances, equipment, furniture, etc., file this Complaint and Petition for Exoneration from and/or Limitation of Liability pursuant to § 30501 et seq. of Title 46 United States Code, Supplemental Rule F and Local Admiralty Rule F, and, in support thereof state as follows:

## JURISDICTIONAL ALLEGATIONS AND NATURE OF CLAIM

1.      This Complaint and Petition is within the admiralty and maritime jurisdiction of this Court, and subject matter jurisdiction arises under 28 U.S.C. § 1333 and 46 U.S.C. § 30501 et seq.

2.      This Complaint and Petition sets forth an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Supplemental Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

## GENERAL ALLEGATIONS

3.      The events, acts and circumstances giving rise to this action occurred over navigable waters of the United States, in the waters of Estero Bay, Lee County, Florida.

4.      Petitioner, SWEETWATER LIFESTYLES, LLC, (hereinafter "SWEETWATER"), seeks exoneration pursuant to Supplemental Rule F(2) and, in alternative, seek to claim and invoke the rights, privileges, remedies and procedures of the Shipowners Limitation of Liability Act, Title 46, U.S. Code Section 30501 et seq.

5.      At all times pertinent hereto and at the time of the below described incident, Petitioner was the owner and/or owner *pro hac vice* of the vessel, a 2018 Regal 29 OBX named *Miss Madison*, bearing HIN RGMW117D818, including her engines, gear, tackle, appurtenances, equipment, furniture, etc., (hereinafter "*Madison*").

2

6.     The *Madison* is a recreational vessel with hailing port in Bonita Springs, Florida, where she is usually kept by the Petitioner when she is not in use.

7.     Prior to, and at all times material hereinafter described, Petitioner exercised due diligence to make and maintain the *Madison* in all respects seaworthy, and at all times material hereto the *Madison* was, in fact, tight, staunch, strong, properly and sufficiently manned, equipped and furnished, and well and sufficiently fitted with suitable engines, machinery, gear, tackle, apparel, safety equipment, appliances, personnel and furniture, all in good order and condition and suitable for the service in which the *Madison* was intended to be used.

8.     As a result of the incident described below the *Madison* was deemed a total loss.  The post casualty value of the vessel including her engines, machinery, gear, tackle, apparel, safety equipment, appliances, personnel and furniture is $5,000.00.

9.     Prior to and at the time of the incident that gives rise to the filing of this Petition, the *Madison* was within the territorial jurisdiction of this Court, specifically, in navigable waters of the United States located in Estero Bay in Lee County, Florida.

### *The Incident*

10.    At    all    times    pertinent    to    this    Petition,    Petitioner, SWEETWATER, was an owner or owner *pro hac vice* who, through its

employee-captain Aaron James Golly, had possession, custody and control of the *Madison*.

11.    On or about March 14, 2022, Captain Aaron Golly was operating the *Madison* in a southern direction toward Big Hickory Bay.  On board his vessel were Claude Davis and Sara Davis.

12.    As Captain Golly rounded a corner he observed a vessel traveling in a northern direction on a collision course with the *Madison*.

13.    The vessel traveling north was operated by Harold E. Fredericks.

14.    Captain Golly attempted evasive maneuvers to avoid a collision; however was unable to avoid the vessels colliding.

15.    The collision occurred near Estero Bay in Lee County, Florida.

16.    On or about July 27, 2022 counsel for Harold Fredericks sent a letter to SWEETWATER making a claim and requesting insurance information.

17.    Further, on or about August 18, 2022, Claude Davis and Sara Davis presented claims for personal injuries via e-mail.

18.    Petitioner is otherwise unaware of any other claims, written notices, actions or proceedings as a result of the above described incident.

## COUNT I - EXONERATION

19.    Petitioner reasserts and re-alleges each and every allegation set forth in paragraphs one (1) through eighteen (18) above, as if fully set forth at length herein.

4

20.    At all times material prior to the incident described in paragraphs ten (10) through eighteen (18) of this Complaint and Petition, Petitioner acted like reasonable prudent vessel owner, and employed regular inspection practices to ensure the *Madison* was properly equipped and seaworthy.

21.    There was no negligence on the part of the Petitioner that caused or contributed to the incident described in paragraphs ten (10) through eighteen (18) of this Complaint and Petition, or to Harold Fredericks', Claude Davis' or Sara Davis' alleged injuries.

22.    Pursuant to Supplemental Rule F, Petitioner asserts it is entitled to exoneration from any and all liability as the damages, injuries, or losses, if any, sustained by any and all potential claimants, including Harold Fredericks Claude Davis and Sara Davis, resulting from, caused by and/or arising out of the incident described in paragraphs ten (10) through eighteen (18) of this Complaint and Petition, were not the result of any fault or neglect attributable to the Petitioner.

WHEREFORE, consistent with the Shipowner's Limitation of Liability Act and Supplemental Admiralty Rule F(2), Petitioner moves this Honorable Court to enter judgment of exoneration, exonerating Petitioner from any and all liability for damages, injuries, or losses sustained by any and all potential claimants, including Harold Fredericks, Claude Davis and Sara Davis, resulting from, caused by and/or arising out of the incident described in paragraphs ten (10) through eighteen (18) of this Complaint and Petition.

## COUNT II – LIMITATION OF LIABILITY

23.     Petitioner reasserts and re-alleges each and every allegation set forth in paragraphs one (1) through eighteen (18) above, as if more fully set forth at length herein.

24.     Pursuant to 46 U.S.C. §§ 30505 and 30511, Petitioner, in the alternative, is entitled to limit its liability, if any, to the amount or value of the Petitioner's interest in the *Madison* following the incident described in paragraphs ten (10) through eighteen (18) of this Complaint and Petition, resulting in personal injuries, property damages or other potential claims, as any alleged negligence and/or unseaworthy condition that might have caused any and all alleged damages, occurred and/or manifested itself without the privity or knowledge of the Petitioner within the meaning of 46 U.S.C. § 30505.

25.     Petitioner hereby files in support of this Complaint and Petition, as **Exhibit "A,"** an Ad Interim Stipulation of Value and Stipulation for Costs executed by Petitioner.

WHEREFORE, Petitioner prays:

a. This Honorable Court will enter an Order directing the issuance of a Monition to all persons, firms and corporations claiming damages for any and all losses, damages or injuries done, occasioned, sustained, or incurred by reason of the events described in this Complaint and Petition, citing them to appear and answer the allegations of this Complaint and Petition according to

the law and practices of this Honorable Court on or before a date certain and time to be fixed by the Monition;

b. This Honorable Court enter an Injunction restraining the further prosecution and/or commencement hereafter of any and all suits, actions or legal proceeding of any nature or description already begun to recover damages arising out of, occasioned by or consequent upon the incident described in paragraphs ten (10) through eighteen (18) of this Complaint and Petition, except in the present proceeding;

c. This Honorable Court approve the Ad Interim Stipulation for Value filed with the Court as security for the potential claims subject to the claimants' right to challenge the security as permitted by the Supplemental Rules and Local Admiralty Rules;

d. This Honorable Court adjudge and decree:

i. That Petitioner is not liable to any extent, but are exonerated from any responsibility, loss, damage, or injury, nor for any claim whatsoever in any way arising out of the incident described in paragraphs ten (10) through eighteen (18) of this Complaint and Petition; or

ii. That if the Petitioner shall be judged liable, then such liability shall be limited to the value of its interest in the *Madison* immediately following the incident described in paragraphs ten (10) through eighteen (18) of this Complaint and Petition, and be divided in accordance with the claimants as may duly prove their claims, saying to all parties any priorities that they may

7

be legally entitled and that a decree may be entered discharging Petitioner of all further liability;

e. That Petitioner may have such other and further relief as this Court deems just and proper.

Dated: September 14, 2022.

Respectfully submitted,

*/s/    Jonathan H. Dunleavy*
Jonathan H. Dunleavy [FBN:  459666]
jdunleavy@mgmlaw.com
MANNING GROSS + MASSENBURG LLP
701 Brickell Avenue,      Suite 2000
Miami, FL 33131
Ph:  (305) 537-3410
Fax: (305) 537-3411
**Attorneys for Petitioner**