UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN THE MATTER OF THE:

Complaint and Petition of:

SWEETWATER LIFESTYLES, LLC,
as owner and/or owner *pro hac vice*
of the vessel, a 2018 Regal 29 OBX
named *Miss Madison*, including her
engines, gear, tackle, appurtenances,
equipment, furniture, etc.
for Exoneration from
and/or Limitation of Liability,

       Petitioner.

Case No.: 2:22-cv-584-JLB-KCD

_____/

## ORDER

This matter comes before the Court on Claimant Harold Fredericks's Motion to Stay Limitation Action and Stay Injunction of State Court Action (Doc. 27) (the "Motion"). Petitioner Sweetwater Lifestyles, LLC ("Sweetwater") filed a response. (Doc. 29). Claimant filed a reply (Doc. 36) and Sweetwater filed a sur-reply (Doc. 37). For the reasons set forth below, the Motion is **DENIED without prejudice**.

## FACTS

This matter stems from a vessel collision that occurred on or about March 14, 2022 near Estero Bay in the Gulf of Mexico. (Doc. 27 at 1; Doc. 29 at 3). The parties disagree as to who is at fault for the collision. Mr. Fredericks claimed that he slowed his vessel and maneuvered it away from an island and that Captain Arron Golly, the operator of the *M/V Miss Madison*, entered the same turn at a

1

high rate of speed. (Doc. 27 at 2). Sweetwater, on the other hand, claims that Captain Golly attempted evasive maneuvers consistent with U.S. Coast Guard rules for operating a vessel, but Mr. Fredericks attempted no such evasive maneuvers. (Doc. 29 at 3).

On September 12, 2022, Mr. Fredericks initiated an action in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida against Mr. Golly. (Doc. 27-1 at 1). Sweetwater was not a defendant to the state court action. (*See id.*) On September 14, 2022, Sweetwater filed a Complaint and Petition for Exoneration from or Limitation of Liability. (Doc. 1).

On September 26, 2022, the Magistrate Judge entered an Order Approving Interim Security and Directing Notice to All Persons Asserting Claims (Doc. 6) (the "Stay Order"). The Stay Order accepted $10,000 with additional security for costs and for interest at the rate of 6 percent per annum as an *ad interim* stipulation for the value of Sweetwater's interest in the vessel. (Doc. 6 at 2). Because the *ad interim* stipulation constituted approved security, "all claims and proceedings against the owner related to the matter in question" ceased. (Doc. 6 at 2); *see also* 46 U.S.C. § 30511(c) ("When an action has been brought under this section and the owner has complied with subsection (b), all claims and proceedings against the owner related to the matter in question shall cease.").[1] The Stay Order also provided that if any claimant continued to prosecute any other action or proceeding

---

[1] Effective December 23, 2022, 46 U.S.C. § 30511 was renumbered as 46 U.S.C. § 30529. For consistency, we use the prior statutory section numbers; the relevant statutory text did not change.

2

against Sweetwater or its property with respect to any claim subject to limitation, then Sweetwater may apply for, and the Court must grant, an injunction enjoining further prosecution. (Doc. 6 at 2–3). Finally, the Stay Order indicated that any answers to the Complaint must be filed by November 18, 2022. (Doc. 6 at 3). Mr. Fredericks has filed the sole answer to the Complaint. (*See* Doc. 10).

## DISCUSSION

The Limitation Liability Act of 1851, 46 U.S.C. § 30501, *et seq.* allows a vessel owner who is without "privity or knowledge" to limit its liability for damages or injuries arising out of an accident that occurred on open waters. 46 U.S.C. § 30523–29; *In the Matter of the: Complaint of Offshore of the Palm Beaches, Inc.*, No. 12-80250-CIV-HURLEY, 2012 WL 12872746, at *1 (M.D. Fla. Mar. 27, 2012). Once the vessel owner timely initiates a complaint for limitation of liability and posts security in accordance with 46 U.S.C. § 30511(b), the district court may "stay all proceedings against the owner and [] direct all potential claimants to file their claims against the ship owner in this district court within a specific period of time." *Id.* at *2. Here, Sweetwater did just that. (*See* Doc. 6).

The Eleventh Circuit has noted:

> [T]he same statute that grants the federal courts exclusive admiralty and maritime jurisdiction saves to suitors all other remedies to which they are otherwise entitled. 28 U.S.C. § 1333(1). This "saving to suitors" clause of § 1333 embodies a presumption in favor of jury trials and common law remedies in the forum of the claimant's choice. Thus, a certain tension between the exclusive jurisdiction vested in admiralty courts to determine the vessel owner's right to limited liability and the saving to suitors clause has developed. . . . In resolving this tension, the primary

3

> concern is to protect the ship-owners absolute right to claim the Act's liability cap, and to reserve the adjudication of that right in the federal forum.

*Beiswenger Enters. Corp. v. Carletta*, 86 F.3d 1032, 1037 (11th Cir. 1996) (quotation marks and citations omitted). To resolve the competing interests of the saving to suitors clause and the vessel owner's claim to adjudication of limited liability in federal court, some courts have identified certain sets of circumstances under which the damage claimants may try liability and damages issues in a forum of their own choosing. *Id.* One such example is where there is only one claimant. *Id.* In such a case, the Eleventh Circuit has held that "[b]ecause a major purpose of the *concursus* proceeding is to resolve *competing* claims to the limitation fund, the single claimant may try liability and damages issues in another forum by filing stipulations that protect the ship-owners['] right to have the admiralty court ultimately adjudicate its claim to limited liability." *Id.*

The stipulations must (1) "protect the vessel owner's right to litigate its claim to limited liability exclusively in the admiralty court," including a waiver of any res judicata or issue preclusion defenses; (2) "protect the vessel owner from having to pay damages in excess of the limitation fund, unless and until the admiralty court denies limited liability;" and (3) "protect the vessel owner from litigation by the damage claimants in *any* forum outside the limitation proceeding," not just state court. *Id.* at 1044.

Mr. Fredericks requests that the Court lift the stay so that he can add Sweetwater to his *state court* action. (Doc. 27 at 3). Because he is the only claimant

in this matter, under Eleventh Circuit law, Mr. Fredericks may adjudicate his claim in the forum of his choosing, so long as he files stipulations that protect Sweetwater's right to adjudicate its claim to limited liability. Sweetwater claims that Mr. Fredericks "sought to circumvent the limitation stay or proceedings by suing only the master, Captain Arron Golly" and asks that the Court deny his motion because the law "does not contemplate such evasive tactics." (Doc. 29 at 7). But Sweetwater does not cite any case law in support of this proposition. Indeed, in *Offshore of the Palm Beaches, Inc. v. Lynch*, 741 F.3d 1251 (11th Cir. 2014), the Eleventh Circuit found that "a first-to-file rule would conflict with the narrow nature of the Act, which serves to protect vessel owners' rights to limited liability, not to give them a choice of forum for defending claims." *Lynch*, 741 F.3d at 1258. In that case, the Eleventh Circuit found that even where the claimant had not filed a suit before the vessel owner filed in the district court, "the single claimant exception and the 'savings to suitors' clause protect [the claimant's] choice of forum." *Id.* at 1259. Sweetwater attempts to distinguish *Lynch* in its sur-reply, stating that Mr. Fredericks "intentionally did not name Petitioner/owner in an attempt to avoid the limitation stay." (Doc. 37 at 2–3). But Sweetwater provides no case law supporting this contention and thus the Court is not convinced that Mr. Fredericks's intentions when he filed his initial state court action are germane to this issue.

Sweetwater also makes two other arguments: first, that Mr. Fredericks's *Beiswenger* stipulations are not sufficient and, second, that staying the limitation

5

action would destroy Sweetwater's right to exoneration.[2]  (Doc. 29 at 7–9).

The Court agrees that Mr. Fredericks must cite the correct vessel and indicate that Sweetwater is the petitioner, not Mr. Fredericks.  (*See id.* at 7–8).  Moreover, the Court agrees that Mr. Fredericks's stipulations should include language indicating that if this Court grants exoneration, there will be no recovery for Mr. Fredericks.  *See In re Everglades Airboat Mgmt., LLC*, No. 2:14-cv-380-FtM-29CM, 2014 WL 7375515 at *3 (M.D. Fla. Dec. 29, 2014), *adopted by* 2015 WL 307047 (M.D. Fla. Jan. 21, 2015) (claimant stipulated that "in the event this Court grants the Petitioner's Complaint for Exoneration, there shall be no recovery from the Petitioner"); *see also Petition of Daytona Beach Aqua Safari, Inc. v. Castle*, 2023 WL 113316, at *2 (M.D. Fla. Jan. 5, 2023) (denying stay where claimant did not stipulate as to how her case would proceed in the event the Court granted the petitioner's request for exoneration).

Accordingly, the Court will deny the Motion without prejudice to Mr. Fredericks filing an amended motion with language addressing the issues set forth in this order.  In the interest of judicial efficiency, the Court encourages Mr. Fredericks and Sweetwater to discuss stipulated language that would satisfy both parties.  Should it be necessary, Sweetwater may object to any amended motion, but

---

[2] In his Reply, Mr. Fredericks "concedes that there were certain typographical errors in the original stipulations filed" and clarifies the stipulations to correct those errors and to make expressly clear that Petitioner's rights to exoneration are protected.  (Doc. 36 at 4–5).  Sweetwater does not respond to these revised stipulations in its sur-reply.  (*See* Doc. 37).

its arguments should be different from any arguments already addressed in this order.

## CONCLUSION

For the foregoing reasons, the Motion to Stay Limitation Action and Stay Injunction of State Court Action (Doc. 27) is **DENIED without prejudice**. Mr. Fredericks may file an amended motion no later than November 6, 2023.

**ORDERED** in Fort Myers, Florida on October 16, 2023.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE