UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN THE MATTER OF THE:

Complaint and Petition of:

SWEETWATER LIFESTYLES, LLC,
as owner and/or owner *pro hac vice*
of the vessel, a 2018 Regal 29 OBX
named *Miss Madison*, including her
engines, gear, tackle, appurtenances,
equipment, furniture, etc.
for Exoneration from
and/or Limitation of Liability,

    Petitioner.

Case No.: 2:22-cv-584-JLB-KCD

_____/

## **ORDER**

This matter comes before the Court on Claimant Harold Fredericks's Amended Motion to Stay Limitation Action and Stay Injunction of State Court Action (Doc. 39) (the "Amended Motion"). Petitioner Sweetwater Lifestyles, LLC ("Sweetwater") filed a Notice of No Objection (Doc. 41) with respect to the Amended Motion. For the reasons set forth below, the Motion is **GRANTED**.

## **FACTS**

The facts here have been summarized by the Court in a previous order (*see* Doc. 38 at 1–3) so they will not be repeated here in full. In short, this matter stems from a collision that occurred on or about March 14, 2022, near Estero Bay between vessels operated by Mr. Fredericks, who was operating a motorboat, and Captain Arron Golly, who was hired to captain the *M/S Miss* Madison, a 29' Regal owned by

Sweetwater. (Doc. 39 at 1–2). The parties disagree as to who is at fault for the collision.

In September 2022, Mr. Fredericks initiated an action in Florida state court against the operator of the boat. (Doc. 39 at 3; Doc. 27-1). Sweetwater was not a defendant in that action. (Doc. 39 at 3; Doc. 27-1). After that case was filed in state court, Sweetwater filed the instant action. (Doc. 1). Mr. Fredericks has filed the sole answer to the Complaint. (Doc. 10).

Mr. Fredericks previously filed a motion to stay the limitation action and stay the injunction of the state court action (Doc. 27), which Sweetwater opposed (Doc. 29), and which the Court denied without prejudice to Mr. Fredericks filing an amended motion with language addressing the issues set forth in the order (Doc. 38 at 6–7).

Plaintiff filed this Amended Motion with revised stipulated language. (Doc. 39). In an order to show cause response, Sweetwater filed a Notice of No Objection, stating that "[t]he Amended Motion correctly stipulates per *Beiswenger Enterprises Corp. v. Carletta*, 86 F.3d 1032 (11th Cir. 1996)" and that "Petitioner has no objection to the Amended Motion to Stay Limitation Action and permit Claimant to file his state court action against Petitioner." (Doc. 41 at 1–2).

The Limitation Liability Act of 1851, 46 U.S.C. § 30501, *et seq.* allows a vessel owner who is without "privity or knowledge" to limit its liability for damages or injuries arising out of an accident that occurred on open waters. 46 U.S.C. § 30523–29; *In the Matter of the: Complaint of Offshore of the Palm Beaches, Inc.*, No. 12-

80250-CIV-HURLEY, 2012 WL 12872746, at *1 (M.D. Fla. Mar. 27, 2012).

The Eleventh Circuit has noted, however, that:

> [T]he same statute that grants the federal courts exclusive admiralty and maritime jurisdiction saves to suitors all other remedies to which they are otherwise entitled. 28 U.S.C. § 1333(1). This "saving to suitors" clause of § 1333 embodies a presumption in favor of jury trials and common law remedies in the forum of the claimant's choice. Thus, a certain tension between the exclusive jurisdiction vested in admiralty courts to determine the vessel owner's right to limited liability and the saving to suitors clause has developed. . . . In resolving this tension, the primary concern is to protect the shipowner's absolute right to claim the Act's liability cap, and to reserve the adjudication of that right in the federal forum.

*Beiswenger Enters. Corp. v. Carletta*, 86 F.3d 1032, 1037 (11th Cir. 1996) (quotation marks and internal citations omitted). The Eleventh Circuit has held that "[b]ecause a major purpose of the *concursus* proceeding is to resolve *competing* claims to the limitation fund, the single claimant may try liability and damages issues in another forum by filing stipulations that protect the shipowners['] right to have the admiralty court ultimately adjudicate its claim to limited liability." *Id.* (emphasis in original).

The stipulations must (1) "protect the vessel owner's right to litigate its claim to limited liability exclusively in the admiralty court," including a waiver of any res judicata or issue preclusion defenses; (2) "protect the vessel owner from having to pay damages in excess of the limitation fund, unless and until the admiralty court denies limited liability;" and (3) "protect the vessel owner from litigation by the damage claimants in *any* forum outside the limitation proceeding," not just state

court. *Id.* at 1044 (emphasis in original).

Mr. Fredericks requests that the Court lift the stay so that he can add Sweetwater to his state court action. (Doc. 39 at 1). Because he is the only claimant in this matter, under Eleventh Circuit law, Mr. Fredericks may adjudicate his claim in the forum of his choosing, so long as he files stipulations that protect Sweetwater's right to adjudicate its claim to limited liability exclusively in the admiralty court.

The Court previously denied Mr. Fredericks's motion to stay this action because of several typographical errors and failure to include language indicating that if this Court grants exoneration, there would be no recovery for Mr. Fredericks. (Doc. 38 at 6–7). Mr. Fredericks's revised stipulations address both these issues (*see* Doc. 39 at 6–7) and Sweetwater does not object to the Court staying the action. (Doc. 41 at 1–2). The Court finds that Claimant's stipulations are adequate to protect Petitioner's right to litigate limited liability exclusively in admiralty court and notes that courts in this District have approved similar stipulations when lifting injunctions. *See Petition of Daytona Beach Aqua Safari, Inc. v. Castle*, Case No. 6:22-cv-740-CEM-DCI (Doc. 36 (approving similar stipulations, which may be found at Doc. 34-3 at 1–2)); *In re: Holiday Water Sport Ft. Myers Beach , Inc.*, Case No. 2:18-cv-663-JLB-NPM (Doc. 71 (approving stipulations, which may be found at Doc. 49 at 5–7)); *In re: Everglades Airport Management LLC and Airboat Resorts, LLC*, Case No. 2:14-cv-380 (Docs. 26, 28 (approving similar stipulations, which may be found at Doc. 24-1)).

4

Accordingly, it is **ORDERED**:

1. The Amended Motion to Stay Limitation Action and Stay Injunction of State Court Action (Doc. 39) is **GRANTED**.

2. Claimant's stipulations (Doc. 39 at 6–7) are approved. Claimant is **DIRECTED** to file the approved stipulations (Doc. 39 at 6 –7) signed and made under oath before an appropriate notary or corresponding officer by 4/8/2024. Once the sworn stipulations are filed, Claimant may proceed in adding Sweetwater to his state court case, currently styled as *Fredericks v. Golly*, 22-CA-3981, and may proceed against Sweetwater in such case, as conditioned by Claimant's stipulations discussed herein.

3. The Clerk of Court is **DIRECTED** to **STAY** and **ADMINISTRATIVELY CLOSE** this matter pending resolution of the state court case.

4. The parties are **DIRECTED** to file a joint status reporting informing the Court of the status of the state court case on 5/6/2024 and every 60 days thereafter.

5. The parties may return to this Court for further proceedings, if appropriate. **ORDERED** in Fort Myers, Florida on March 6, 2024.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE